UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FARIDA B. RAHMAN,<br>Plaintiff, | CIVIL ACTION<br>JURY TRIAL DEMANDED |
| V. | |
| THOMAS J. JONES Jr. Esq<br>Defendant | COMPLAINT<br><br>3:CV-23-1962 |

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA.

**FILED SCRANTON**
**NOV 28 2023**
PER _____ DEPUTY CLERK

ON NOTICE TO:
THOMAS J. JONES, Jr. Esq.
410 Spruce Street, Suite 301
Scranton, PA. 18503

PLEASE TAKE NOTICE that the Plaintiff, Farida B. Rahman (herein Plaintiff) hereby files this action to the Federal Court in civil action for violation of the Plaintiff's rights under 42 U.S. Code §1983 and Negligence against Thomas J. Jones, Jr. Esq (herein Defendant) with full reservation to seek justice.

In support of her complaint the Plaintiff respectfully submit as follows:

1. Defendant always used state officials to help him win cases for him. The Defendant is liable under 42 U.S. Code §1983, and negligence, because his conduct is so closely related to governmental

2.

conduct that it can be fairly viewed as a conduct of the state itself. The Defendant was acting of "Under color of state law" deprived my rights secured by the United States Constitution. The Defendant acted with the help of or is connect with state officials William H. Amesbury j, Lesa S. Gelb j, Thomas F. Burke j, Richard M. Hughes j, Gartley Polachek j, Fred A. Pierantoni j. See at McKeesport Hospital v. Accreditation Council for Graduate Medical Ed., 24 F. 3d 519, 524 (3rd Cir. 1994). In Adickes v. S.H. Kress Co. 398 U.S. 144, 90 S. Ct. 1598, 26 L. Ed 2d 142 (1970), the court held that a conspiracy between a private party and a state official to engage in unlawful discrimination constituted action "Under Color" of law purpose to the statue. Id at 152, 90 S. ct at 1606. Similarly, in Lugar a private party's prejudgment attachment of another party's property pursuant to a state statue, constituted state action under section 1983. See at Lugar, 457 U.S. at 941-42, 102 S. ct. at 2756.

2. The Defendant was hired to represent me on the docket no: 2017-02486, but the Defendat failed to work on my behalf, see at A.1. I reversed the payment twice (2), see at A.2. The Defendant used the phone to text me, which is not proper. The Defendand used his phone, see at A.3. I refused to give him the money again. I was away from Pennsylvania, see at A.4. The Defendant charged on my card when I was away, without my knowledge, see at A.5. I received letter from Chase Card Services dated 10-15-2017, that the

3.

Thomas Jones Atty did not response after took the money in the amount of $2,724.50, see at A.6. The Defendant did not withdraw from the case. I was told a Notice was sent to him but he did not let me know about the Notice, see at A.8. Lesa S. Gelb dismissed my case without my knowledge on November 25, 2020, see at A.9. I filed a Motion see at A.7 to A.10, but I did not received any order yet. The Defendant took the money but killed my case due to the corruption and known deliberate indifferenc by the Defendant towards the Plaintiff.

3. The Defendant was paid on 4-28-2015 $2,000.00, see at A.11, and on May 13, 2015 $1500.00 see at A.12 to work on her Sewer cases docket no: 2010-7372, 2012-09255, 826 C.D 2015, 2012-09256. The Defendant took the money in the amount of $3,1500, but failed to work on her behalf, and sent out letter's with forged my signature to judge and Township and Court Administrator that he is only a communication person, which is a lie, see at A.13, A.14, this is a violation of my rights. I received a letter from Amesbury, see at A.15. I asked the Defendant about this address change but the Defendant did not reply.

4. I sent the Defendant a certified letter on September 04, 2015 see at A.16 to A. A.19. The Defendant did not answer my letter. The Defendant failed to file the Statement of Errors, see at A.20, and killed my case. The Defendant filed his entry of appearance after he killed my case, see at A.21, A.22.

4.

5. The Defendant asked for withdraw from my case docket no: 2012-09255, see docket entry at A.23 to A.25. The Defendant did not file no Motion with the Court, but the judge schedule for a hearing on the docket no.2012-09256 see at A.26.

6. A hearing was held on February 1, 2018 on the docket no: 2012-09256, see at A.27 to A.34.

7. The judge send two hearing schedule dated February 14, 2018, see at A.35, and hearing rescheduled dated March 7, 2018 for March 15, 2018 see at A.36. Two letters do not have no docket no.

8. A hearing was held on March 15, 2018, on the docket no 2012-09256 see at A.37 to A.41. Due to the corruption the Judge grant him an order to withdraw, without filing any motion with the Court on the docket no 2012-09256, see at A.42. This is a violation of my rights but the Defendant and judge did not care. The judge recuse himself from the case on 3-16-2018 see at A.43.

9. On docket no: 427-2018 the Defendant received a full hearing on October 15, 2018, see at exhibit "41," a total of eighteen (18) pages long, from 11:00 Am to 12:09 pm. The Defendant failed to file papers with Court, nor anything was served, but judge Lesa S. Gielb prostitutes her knowledge of law to aid the Defendant, which is unethical, and a violation of my rights under 42 U.S. Code §1983.

The Court: When I looked on line I saw one sheet of paper. I did not see brief, I did not see anything else, see at exhibit 41, page #9, line 12 to 14.

5.

Ms. Rahman: Rule returnable was filed on August 28th, 2018, and it was not served, exhibit 41, page 6, line 13-14. See attached rule returnable on exhibit 37.

Ms. Rahman: Then I filed the motion, then I have to file rule returnable. Then I serve the one to the Defendant and file the court and serve one time-stamped copy for the Judges, see at exhibit 41, page 6, line # 23, 24, 25.

The Court: I want to check this. What I have is, there's a rule returnable that was filed on the 28th. And it's one page. That's it, exhibit 41, page 10, line 19, 20, 21. The Court saw only one page see attached as exhibit 37.

The Court: But it was never filed of record. It's not part of the docket, see exhibit 41, page 11, line 13-14.

The Court: But you answered it, because I have your answer here. You answered it. I mean, you filed an answer, exhibit 41, page 11, line # 23, 24, 25.

Ms. Rahman: That's my rule returnable, which one I filed, see at exhibit 41, page 12, line # 1, 2.

The Court: Here it says, Dear Ms. Rahman, enclosed herewith, please find a time-stamped copy of the rule returnable scheduling a hearing, exhibit 41, page 12, line 8, 9, 10.

Ms. Rahman: Your Honor. It's not true. If the man serves, he has to get certificate of service on the record in the Court. Take a look from March 5th --- exhibit 41, page 12, line 11, 12, 13, 14.

Ms. Rahman: He filed two certificates and every time he file a brief, two of them. This is the docket entry, exhibit 41, page 12, line 16, 17.

Ms. Rahman: Your Honor, I think he has to serve me. According to the rule over here, 440. I do have the rule over here if you can take a look. I have a copy for you and I have a copy for the Defendant, exhibit 41, page 14, line 12, 13, 14, 15.

The Court: Did you ever get a copy of that rule? see at exhibit 41, page 14, line #16.

Ms. Rahman: No, I did not, exhibit 41, page 14, line 17.

The Court: You never got a copy of that rule, see at exhibit 41, page 14, line 18.

Ms. Rahman: I never did. It was not served, see at exhibit 41, page 14, Line #19.

At this time judge Gelb offered her suggestion and help to the Defendant in open court, so he do not suffer and in one month he will get everything he asked for. This is how judge fixed cases before her, she ignored the evidence, and this is illegal.

The Court: Attorney Jones, here is my suggestion. I think you should go downstairs, file a copy to make sure that it's filed of record and we'll reschedule this today. And we'll --- because I think that's what we must do to make sure that this ---- exhibit 41, page 15, line 19, 20, 21, 22, 23.

The Court: Is there an address where attorney --- Attorney Jones, I understand, but to make sure that this is clarified, this is the only way we can make sure that this is taken care of, see at exhibit 41, page 16, line 3, 4, 5, 6. This is illegal for judge Gelb to do all this for a Defendant in a open court, and she goes on —

The Court: I would have you walk downstairs, clock it in, then hand it to her right now, it would take you about no time at all to do that. ----- In fact, I would call up workers comp for you, see at exhibit 41, page 16, 17, line 21, 22, 23, 1, 2.

The Court: Do you know who it is? see at exhibit 41, page 17, line 6.

The Court: Can we make him a copy of 52 pages? see at exhibit 41, page 17, line 15.

The Court: And then we'll put it back on the calendar in a month, see at exhibit 41, page 17, line 24, 25.

7.

The Court: Ms. Rahman, you have to let me handle this, see at exhibit 41, page #9, line 18-19.
Ms. Rahman: Please do, exhibit 41, page #9, line #20.

10. After Judge Gelb went out of her way to fixed everything for the Defendant, it is illegal, Defendant should be punish to kill my case again to get help from judge. This is a violation of my rights under 42 U.S. Code §1983.

11. The Defendant was hired to help me with the docket no: 11009 of 2007 see at A.44, the Defendant filed the answer on the day of the oral argument on November 12, 2013, on the second (2nd) para. One page time stamped showed answer was filed on November 12, 2013, at 9:23 AM, see at A.47. See at A.48, the Defendant asked me to sign a affidavit on September 16, 2013, for Lackawanna, which is wrong. See at the top of A.47, A.48, those papers were send to me on 12-3-2013.

12. On November 11, 2013, the Defendant wrote me I have thirty (30) days to file an appeal, see at A.46. The letter do not said anywhere that I must file a petition to open the judgment. and I was charge $3,800.00 to file the appeal. Defendant was paid $2,500.00 to file the answer. This is violation of my rights to neglect my case and kill.

13. The Defendant withdraw $2,673.48 on 12-2-2015 to pay of a judgment on the docket no 7372-2010, a sewer case, see at A.51. A quote was sent to the Defendant see at A.49, the amount was 2,617.21. The letter to Sheriff dated 12-3-2015, shows the amount $2,617.21, see at A.50. The money was taken out from my card, but money was not paid toward bills, see at A.52 to A.56.

14. I filed a complaint, then I filed an appeal on the docket no: 2018-04482. The Defendant filed his praecipe to strike my appeal, see at A.57.

15. I filed an appeal on the docket no: 1099 CD 2018, case was remanded, see at A.58 to A.66, A.67, A.68.

16. A judgment was entered against the Defendant. Hearing was scheduled for August 30, 2023. The Defendant asked for continuance see at A.79 before 24 hours when the hearing will start.

17. The Defendant lied to his email, see at A.69. See at A.70 to A.73 I wrote and served for the truth of his email at A.69, nothing was found.

18. A hearing was held on 11-17-20, he lied at the hearing. The transcript dated 3-2-22 shows he muse need to answer. I filed Motion, Reconsideration with case laws, but the judge vacate the Judgment illegally to help the Defendant. I filed an appeal. The Defendant is in violation of my rights.

19. I received papers from Sheriff's department which shows I did not pay the judgment but the Defendant failed to file papers on my behalf see at A.91 to A.99, claim for exemption was not served to me nor was filed due the neglegence by the Defendant which is a violation of my rights, see at 98, 99.

WHEREFORE, for the reasons stated above the Plaintiff, demands judgment against Defendant in an amount excess of compulsory arbitrational limits together with costs, and other relief this Honorable court deems just and proper.

Dated: 11-25-2023

Respectfully Submitted

Farida B. Rahman

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FARIDA B. RAHMAN,
    Plaintiff,

V.

THOMAS J. JONES Jr. Esq
    Defendant

CIVIL ACTION
JURY TRIAL DEMANDED

## CERTIFICATE OF SERVICE

I, Farida B. Rahman, do hereby certify that on this day I served a true copy of this foregoing Complaint to the filing office clerk to be filed and served.

Thomas J. Jones, Jr. Esq.
410 Spruce Street.
Suite 301,
Scranton, PA. 18503

Dated: November 27, 2023

Respectfully Submitted,
Farida B. Rahman
FARIDA B. RAHMAN
53 Prescott Road
White Haven, PA. 18661
570-233-1520