UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FARIDA B. RAHMAN,<br><br>                Plaintiff,<br>     v.<br><br>THOMAS JONES, ESQ.,<br><br>                Defendant. | CIVIL ACTION NO. 3:23-CV-01962<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Presently before the Court in this *pro se* civil rights lawsuit filed by Farida Rahman ("Rahman") is the report and recommendation of Magistrate Judge Martin C. Carlson ("the Report"), dated April 3, 2024. (Doc. 14). The Report addresses a motion to dismiss filed by Attorney Thomas Jones, Jr. ("Attorney Jones"). (Doc. 12). Rahman filed timely objections to the Report on April 16, 2024. (Doc. 15). Having conducted the requisite de novo review of the record and the Report, the Court agrees with the sound reasoning in the Report and finds no clear error. (Doc. 14). Rahman's objections to the Report will be **OVERRULED**, and the Report will be **ADOPTED IN ITS ENTIRETY**. Defendants' motion to dismiss shall be **GRANTED**. (Doc. 12). Plaintiff's complaint shall be **DISMISSED with prejudice**.

**I.　PROCEDURAL AND FACTUAL BACKGROUND**

As described in the Report, this matter involves an attorney fee dispute in the amount of $2,700, which has been fully addressed by the state court. (Doc. 14). Rahman complains that Attorney Jones was retained to represent Rahman in a state case in 2015, received a retainer to do so, but then, according to Rahman, "killed [the] case." (Doc. 1). Rahman pursued a claim relating to the fee dispute but was unsuccessful; he attributes his lack of success to judicial corruption, an allegation made without factual support. (Doc. 1). It appears

that Rahman is pursuing a federal civil rights claim pursuant to 42 U.S.C. § 1983 and various state law claims. (Doc. 1).

**II.   LEGAL STANDARDS**

    A.    DISTRICT COURT REVIEW OF A REPORT AND RECOMMENDATION

A district court may 'designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition' of certain matters pending before the court." *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (*quoting* 28 U.S.C. § 636(b)(1)(B)). Within fourteen days of being served a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). When a party timely files objections, the district court is to conduct a de novo review of the challenged portions of the magistrate judge's findings unless the objection is "not timely or not specific." *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984); 28 U.S.C. § 636(b)(1). The Court may then "accept, reject, or modify, in whole or in part, the findings and recommendations." 28 U.S.C. § 636(b)(1). "Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Rahman v. Gartley*, No. CV 3:23-363, 2024 WL 555894, at *1 (M.D. Pa. Feb. 12, 2024) (citing *United v. Raddatz*, 447 U.S. 667, 676 (1980)). For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. Adv. Comm. Note Rule 72(b).

    B.    FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(B)(6)

Rule 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions…'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). The court also need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. St. Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to

a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (*quoting Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); see also *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

### III. DISCUSSION

As stated *supra*, Rahman's complaint alleges § 1983 and state law claims against Attorney Jones. (Doc. 1, at 1). The Report recommends that Rahman's § 1983 claims be dismissed as Rahman has not alleged a constitutional violation, Attorney Jones is not a state actor and any claims under § 1983 are time-barred. Rahman objects to the Report's finding that her § 1983 claim is insufficient, but still fails to base her claim on a constitutional violation. (Doc. 15, at 1; Doc. 15-1, at 2-3). Rahman also objects to the Report's conclusion that her § 1983 claims are time-barred, arguing that there is no statute of limitations in the text of § 1983. (Doc. 15-1, at 1). Rahman also objects to the Report's conclusion that Attorney Jones is not a state actor. (Doc. 15, ¶ 5).

The Report further recommends that Rahman's state law claims be dismissed as the

Court lacks subject matter jurisdiction over the allegations, as the amount in controversy does not reach the requisite $75,000 jurisdictional threshold, and both Rahman and Attorney Jones are citizens and residents of Pennsylvania. Finally, the Report recommends that Rahman's claims be dismissed pursuant to the *Rooker-Feldman* doctrine. (Doc. 14).

    A.    RAHMAN'S FEDERAL CLAIMS

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. *See* 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

"Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." *See Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (*quoting Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)). To state a cause of action under § 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Harvey v. Plains Twp. Police Dep't.*, 421 F.3d 185, 189 (3d Cir. 2005) (*quoting West v. Atkins*, 487 U.S. 42, 48 (1988)). Section 1983 civils rights claims arising from events that occurred in Pennsylvania are governed by Pennsylvania's two-year statute of limitations for personal injury actions. *Moore v. Walton*, 96 F.4th 616, 622 (3d Cir. 2024).

As the Report correctly states, § 1983 does not create an independent cause of action,

and Rahman does not allege a specific constitutional violation upon which her § 1983 claim is based. (Doc. 14, at 7-8). As such, this Court must dismiss her § 1983 claim. Further, the Court agrees with the Report that Attorney Jones is not a state actor. (Doc. 14, at 8-9). The Report correctly relies on applicable Third Circuit precedent, which establishes:

> [a]ttorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court. *See, e.g., Polk County v. Dodson*, 454 U.S. 312, 318, 102 S.Ct. 445, 450, 70 L.Ed.2d 509 (1981) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."); *Barnard v. Young*, 720 F.2d 1188, 1189 (10th Cir.1983) ("[P]rivate attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of section 1983.").
>
> *Angelico v. Lehigh Valley Hosp. Inc.*, 184 F.3d 268, 277 (3d Cir. 1999).

As the Report correctly concludes, Rahman has not sufficiently alleged that Attorney Jones is a state actor within the meaning of the statute, and therefore, her § 1983 claim against Attorney Jones fails.

Finally, this Court agrees with the Report that Rahman's § 1983 claim is barred by the appropriate statute of limitations. In Pennsylvania, the statute of limitations period is two years pursuant to 42 Pa. C.S.A. § 5524(7). *English v. City of Wilkes-Barre*, No. 22-2477, 2023 WL 2400698, at *1 (3d Cir. Mar. 8, 2023). As the Report correctly concludes, the alleged fee dispute occurred in 2015. According to the complaint, Rahman actively pursued the dispute in state court beginning in 2017. As such, this is when the statute of limitations for any federal civil rights action would have begun to run. The two-year limitations period would have elapsed by 2019, several years before Rahman filed the instant lawsuit.

For the foregoing reasons, the Court will overrule Rahman's objections, adopt the Report, and dismiss Rahman's § 1983 claim as without merit and time-barred.

B.    THIS COURT LACKS JURISDICTION OVER STATE LAW CLAIMS

The Report recommends dismissing Rahman's state law claims as the Court lacks subject matter jurisdiction. (Doc. 14, at 11). In her objections, Rahman concedes that there is no diversity jurisdiction in this Court, and further that she "did not invite Federal Court to help" with her state law claims. (Doc. 15, ¶ 5). However, in her brief in support of her objections, Rahman notes that her claims exceed $75,000.00. (Doc. 15-1, at 2).

For a Court to have subject-matter jurisdiction over a presented issue, the plaintiff must establish either diversity of citizenship or a federal question. Pursuant to 28 U.S.C.A. § 1332:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state ... (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state ... as plaintiff and citizens of a State or of different States.

28 U.S.C.A. § 1332(a).

The Court agrees with the Report that this Court lacks subject matter jurisdiction over Rahman's state law claims. (Doc. 14, at 11-13). As already determined, Rahman's federal claims fail; as such the remaining claims are Rahman's state law claims which are subject to diversity jurisdiction. As the Report correctly states, there is no basis for diversity jurisdiction in this case. Both Rahman and Attorney Jones are citizens and residents of Pennsylvania. Further, Rahman's complaint states that the amount in controversy is $3,724.50, an amount far below the statutorily-prescribed jurisdictional threshold of $75,000. (Doc. 1, at 1-2; Doc. 14, at 12-13); *see Boldrini v. Bruno*, No. 3:11-1401, 2013 WL 619610, at *2 (M.D. Pa. Feb. 19, 2013) (finding that if a federal court is to have jurisdiction over state claims the parties must have complete diversity). As this Court lacks jurisdiction over Rahman's state law claims, it will adopt the Report and dismiss Rahman's state law claims.

    C.    <u>R</u><u>AHMAN'S</u> <u>C</u><u>LAIMS ARE</u> <u>B</u><u>ARRED BY THE</u> <u>*R*</u><u>*OOKER*-*F*</u><u>*ELDMAN*</u> <u>D</u><u>OCTRINE.</u>

Finally, the Report recommends that the Court find that Rahman's claims are barred by the *Rooker-Feldman* doctrine. Rahman does not address this issue in her objections to the Report. The *Rooker-Feldman* doctrine "is a judicially-created doctrine that bars lower federal courts from reviewing certain state court actions." *Goodson v. Maggi*, 797 F. Supp. 2d 587, 597 (W.D. Pa. 2011). The doctrine arose in the wake of two Supreme Court Cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and stands for the proposition that:

> ... a United States District Court has no subject matter jurisdiction to review final judgments of a state court, because only the Supreme Court has jurisdiction to review state court judgments under 28 U.S.C. § 1257. *Goodson*, 797 F.Supp.2d at 597 (*citing Feldman*, 460 U.S. at 482, 103 S.Ct. 1303).... "This doctrine applies even where the challenges to the state court judgment allege that the state court's action was unconstitutional, such as a deprivation of due process and equal protection rights." *Goodson*, 797 F.Supp.2d at 597 (*citing Feldman*, 460 U.S. at 485-86, 103 S.Ct. 1303 (citation omitted)).
>
> *Conklin v. Anthou*, No. 1:10-CV-2501, 2012 WL 124989, at *2 (M.D. Pa. Jan. 17, 2012), *aff'd*, 495 F. App'x. 257 (3d Cir. 2012).

Claims by "state-court losers complaining of injuries caused by state-court judgments" are barred by the *Rooker-Feldman* doctrine. *Kwasnik v. Leblon*, 228 Fed. App'x. 238, 242 (3d Cir. 2007). The *Rooker-Feldman* doctrine applies where "(i) the federal plaintiff lost in state court; (ii) the plaintiff claims the judgment(s) of the state court caused his injuries; (iii) the state court rendered its judgment(s) before plaintiff filed his federal suit; and (iv) the plaintiff is inviting the district court to review and reject the state judgments." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010).

The Court agrees with the well-reasoned conclusion of the Report that Rahman is barred from asking this Court to revisit a state court decision pursuant to the *Rooker-Feldman* doctrine. Accordingly, the Court will adopt the Report's finding that Rahman's claims are

barred by the *Rooker-Feldman* doctrine.

IV. **CONCLUSION**

For the foregoing reasons, and having conducted the requisite de novo, the Court agrees with the sound reasoning in the Report and finds no clear error in the Report. As such, Rahman's objections to the Report are **OVERRULED**, and the Report is **ADOPTED IN ITS ENTIRETY**. Defendants' motion to dismiss is **GRANTED**. (Doc. 12). Rahman's complaint shall be **DISMISSED with prejudice**.

An appropriate Order follows.

                                      **BY THE COURT:**

**Dated: January 7, 2025**                    *s/ Karoline Mehalchick*
                                            **KAROLINE MEHALCHICK**
                                            **United States District Judge**